BENJAMIN FITZGERALD, QUI TAM, v. WILLIAM SCHLOSS.

Argued June 10, 1898—Decided November 7, 1898.

In a declaration by a common informer, the allegation that R. F. lost the
sum of $660 on the running of a foot-race between two men, that he
paid the said sum of money, and that the said sum of money was re-
ceived by the defendant as the winner thereof as a bet or wager, does
not show a case entitling the plaintiff to sue under the sixth section of
"An act to prevent gaming." *Gen. Stat., p.* 1606.

On demurrer to declaration.

Before Justices DIXON, LUDLOW and COLLINS.

For the defendant, *Mr. Angleman.*

The opinion of the court was delivered by

DIXON, J. This suit was instituted by a common informer in attempted pursuance of the sixth section of the act to prevent gaming. *Gen. Stat., p.* 1606. It is now before us on demurrer to the declaration.

The pertinent provisions of the statute are (section 5) that if any person shall lose any money in violation of the first section of the act (*i. e.*, the money being a wager, bet or stake made to depend upon a race), and shall pay the same or any part thereof to the winner, or to any person to his use, or to a stakeholder, and (section 6) shall not, within six calendar months after such payment, really and *bona fide*, and without covin or collusion, sue and with effect prosecute for the money so lost and paid, it shall be lawful for any other person to sue for and recover the same from such winner, depositary or stakeholder.

The declaration alleges that Robert Fitzgerald "lost the sum of six hundred and sixty dollars on the running of a foot-race between two men," that he "did pay the said sum of money, and the said sum of money was received by the defendant as the winner thereof as a bet or wager," and that the said Robert Fitzgerald did not sue, &c., whereby an action accrued to the plaintiff, *qui tam*, &c.

We consider this declaration defective in several particulars.

*First.* It does not say in terms that the money was lost in violation of the first section of the act, nor does it aver that in substance. The statement that R. F. lost the money on the running of a foot-race between two men does not necessarily indicate that the money was "a wager, bet or stake made to depend upon a race."

*Secondly.* The averment in the declaration that R. F. paid the money, without saying to whom, leaves it uncertain whether he paid it to the winner, or to some person to the winner's use, or to a stakeholder, or to some other person. The following statement that it was received by the defendant does not clearly imply that R. F. paid it to the defendant.

*Thirdly.* The allegation that the money was received by

the defendant as the winner thereof as a bet or wager does not distinctly aver that the defendant was the winner, or that the money was a bet or wager, or (conceding both these matters to be true) that the money was a bet or wager made to depend upon the race before mentioned, and was won by the defendant upon that race.

We think a common informer is legally bound to show a case within the statute with more clearness and certainty than we find in this declaration.

The demurrant is entitled to judgment.